FILED
February 1, 2022

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

*In re* **M.M.-1, T.M., and S.M.**

**No. 21-0609** (Wood County 19-JA-166, 19-JA-167, and 20-JA-64)

**MEMORANDUM DECISION**

Petitioner Father M.M.-2, by counsel Wells H. Dillon, appeals the Circuit Court of Wood County's June 7, 2021, order terminating his parental rights to M.M.-1, T.M., and S.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee A. Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Garret C. Villers, filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights rather than imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2019, the DHHR filed a child abuse and neglect petition alleging that the mother abused and neglected then-one-year-old twins, M.M.-1 and T.M. The DHHR alleged that the mother abused controlled substances during her pregnancy with the twins and then left the children in the care of an inappropriate guardian. The DHHR made no allegations that petitioner had abused or neglected the children. In December of 2019, the mother gave birth to S.M. That child remained with the parents until the DHHR amended the petition in March of 2020. In the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, as one of the children and petitioner share the same initials, we refer to them as M.M.-1 and M.M.-2, respectively, throughout this memorandum decision.

1

amended petition, the DHHR alleged that petitioner and the mother engaged in domestic violence and substance abuse and failed to maintain a suitable home for the infant, S.M. The DHHR further alleged that, although petitioner was a nonoffending parent early in the proceedings, he did not request custody of M.M.-1 or T.M., he did not request visitation with them, and he had failed to participate in the proceedings or the lives of the children. The DHHR alleged that petitioner had not provided any financial or emotional support for the twins and had demonstrated a settled purpose to forgo his parental duties and responsibilities to the children. Petitioner waived his preliminary hearing.

The circuit court convened for adjudicatory hearings in July and August of 2020. Petitioner stipulated that he abused controlled substances, which impaired his parenting skills, and that he failed to provide adequate housing for the children. Petitioner also admitted that since the filing of the initial petition in August of 2019 until the filing of the amended petition in March of 2020, he had had no contact or visitation with M.M.-1 and T.M. and had not participated in any of the proceedings. The circuit court accepted petitioner's stipulation and adjudicated him as an abusing parent. Later in August of 2020, petitioner moved for a post-adjudicatory improvement period, which was granted. As terms of his post-adjudicatory improvement period, petitioner agreed to participate in parenting and adult life skills classes; supervised visitation with the children; domestic violence prevention classes; random drug screening; individualized therapy; a parental fitness evaluation; and a substance abuse evaluation. Petitioner also agreed to maintain a suitable residence for himself and the children.

The circuit court held an improvement period review hearing in November of 2020, and the DHHR moved to terminate petitioner's improvement period. The DHHR proffered that petitioner repeatedly tested positive for tetrahydrocannabinol ("THC") at varying levels, which indicated continued use, and had tested positive for methamphetamine on one occasion. The DHHR also reported that petitioner had "unrealistic" expectations regarding the children's behavior during visitations and responded inappropriately to their behaviors. Petitioner indicated that he was using cannabidiol (commonly referred to as "CBD") products that may have contained low levels of THC and caused him to test positive for that substance. Petitioner agreed to stop using those CBD products. Petitioner denied using methamphetamine. Ultimately, the circuit court took the DHHR's motion under advisement and continued petitioner's post-adjudicatory improvement period.

The circuit court held another improvement period review hearing in January of 2021. Petitioner failed to appear, but counsel represented him. The DHHR renewed its motion to terminate petitioner's improvement period. It reported that petitioner had not been complying with the terms of his improvement period; he was not participating in domestic violence courses, was "not . . . prepared for visits with the children," and was currently homeless. The DHHR also reported that petitioner continued to test positive for THC and had missed seven appointments for drug screening. The circuit court considered petitioner to be "on thin ice" but continued the improvement period in anticipation that he would participate in a parental fitness evaluation later in January of 2021.

In March of 2021, the circuit court held the final review hearing for petitioner's improvement period. Petitioner did not appear but was represented by counsel. Counsel

presented a motion to withdraw from petitioner's representation based upon a message from petitioner that he believed "he needed a new attorney who would represent his interests better" than his current counsel. The circuit court denied counsel's motion due to his absence from the hearing. The DHHR reported that petitioner failed to attend his parental fitness evaluation. Further, the DHHR reported that petitioner had not maintained contact with the CPS worker or his services providers. The circuit court concluded that it could not find that petitioner had substantially complied with his improvement period such that an extension was warranted and set the proceedings for disposition.

The circuit court held the final dispositional hearing in April of 2021. Petitioner did not appear but was represented by counsel. Counsel renewed her motion to withdraw from representing petitioner. She averred that she had received additional correspondence from petitioner that indicated he had ceased participation in the proceedings because he believed he was not adequately represented and that his counsel had capitulated to the DHHR's position. The circuit court denied counsel's motion due to petitioner's absence from the proceedings and counsel's zealous advocacy throughout. The DHHR admitted a court summary and moved for the termination of petitioner's parental rights. The circuit court found that petitioner had not participated in the proceedings since "at least December [of] 2020" and that his choice to not participate in the proceedings was "a very relevant factor." The circuit court concluded, based upon petitioner's nonparticipation in the proceedings, that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. The court further found that it was necessary for the children's welfare to terminate petitioner's parental rights. Accordingly, the circuit court terminated petitioner's parental rights by its June 7, 2021, order. Petitioner now appeals that order.[2]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]The mother's parental rights were terminated in October of 2021. According to the parties, the permanency plan for the children is adoption in their current foster placement.

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights rather than imposing a less-restrictive dispositional alternative, such as an extension of his improvement period or granting him a post-dispositional improvement period. Petitioner avers that the mother continued to participate in an improvement period and, therefore, the termination of his parental rights would not achieve permanency for the children. Petitioner also argues that he faced animosity from the DHHR and "trust issues" with his counsel, which the circuit court should have considered prior to terminating his parental rights. Petitioner argues that a permanent legal guardianship, pursuant to West Virginia Code § 49-4-604(c)(5), was the least restrictive dispositional alternative and should have been imposed. We find petitioner is entitled to no relief on appeal.

Pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate a parent's parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. West Virginia Code § 49-4-604(d)(3) provides that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected" means that

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

Notably, petitioner does not challenge the circuit court's finding that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect. Petitioner merely declares that a less-restrictive dispositional alternative was necessary. However, when considering the evidence that petitioner failed to remain in contact with the DHHR, failed to participate in parenting and adult life skills classes, failed to participate in random drug screening (or tested positive for controlled substances), and failed to participate in a parental fitness evaluation, we find no error in the circuit court's conclusion that petitioner failed to follow through with a reasonable family case plan. Here, the circuit court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect and abuse is supported by the evidence that he failed to comply with the terms of his family case plan and failed to correct the conditions of abuse and neglect on his own or with help.

The circuit court's finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future is fatal to petitioner's argument on appeal. We have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood

4

under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, because the circuit court's finding is supported by the record, the court was well within its discretion to terminate petitioner's parental rights, rather than impose one of the less-restrictive dispositional alternatives he argues for on appeal. Upon our review, we find the circuit court did not abuse its discretion in terminating petitioner's parental rights.

Additionally, petitioner raises two other assignments of error: 1) that the circuit court abused its discretion in denying his motion for new counsel; and 2) that the circuit court erred in adding a term to his improvement period that he refrain from the use of CBD products. However, petitioner has not provided appropriate citation to authority in support of these arguments, in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which requires that "[t]he brief must contain an argument exhibiting clearly the points of . . . law presented . . . and citing the authorities relied on." Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" and "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented" are not in compliance with this Court's rules. In that order, this Court went on to instruct that "all of the requirements of the Rules must be strictly observed by litigants" because "[t]he Rules are not mere procedural niceties; they set forth a structured method to permit litigants and this Court to carefully review each case." In ordering that all litigants before this Court must comply with the Rules of Appellate Procedure, the Court cautioned that "[p]ursuant to Rule 10(j), failure to file a compliant brief 'may result in the Supreme Court refusing to consider the case, denying argument to the derelict party, dismissing the case from the docket, or imposing such other sanctions as the Court may deem appropriate.'" As petitioner has failed to provide any citation to authority in support of these arguments, we decline to address them on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 7, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: February 1, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton